IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DIANE L. GRIEGO MEDINA,**

 Plaintiff,

v.                              No. 17-cv-1149 SMV

**NANCY A. BERRYHILL,**
**Acting Commissioner of**
**Social Security Administration,**

 Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand [Doc. 15] ("Motion"), filed on April 15, 2018. The Commissioner responded on June 19, 2018. [Doc. 22]. Plaintiff replied on August 26, 2018. [Doc. 24]. The parties have consented to my entering final judgment in this case. [Doc. 18]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider the opinion of Mitchell Binder, M.D. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (2018) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's

decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015); 20 C.F.R. § 404.1505(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520 (2012); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[1] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on February 28, 2014. Tr. 12. She alleged a disability-onset date of August 20, 2011. *Id.* Her claim was denied initially and on reconsideration. *Id.* ALJ James Bentley held a hearing on November 3, 2016, in McAlester, Oklahoma. Tr. 12, 36–73. Plaintiff appeared with her non-attorney representative by videoconference from Albuquerque, New Mexico. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Meslissa Brassfield. *Id.*

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ issued his unfavorable decision on November 30, 2016. Tr. 25. The ALJ found that Plaintiff met the insured status requirements through December 31, 2016. Tr. 14. At step one he found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: anxiety disorder not otherwise specified ("NOS"), rule out generalized anxiety, rule out panic disorder, adjustment disorder with mixed anxiety and depressed mood, obesity, lumbago, and vertigo. *Id.*

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 15–18. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 18–23. The ALJ found that Plaintiff had "the [RFC] to perform medium work as defined in 20 [C.F.R. §] 404.1567(c). She is capable of remembering, understanding, and completing simple tasks with routine supervision and would need to avoid unprotected heights and dangerous moving machinery due to occasional episodes of vertigo." Tr. 18.

At step four the ALJ found that Plaintiff was not able to return to her past relevant work. Tr. 23. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 23–24. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* Plaintiff requested review from the Appeals Council, but that request was denied on September 20, 2017. Tr. 1–3. Plaintiff timely filed the instant action on November 20, 2017. [Doc. 1].

## Analysis

Plaintiff submitted an opinion from Dr. Binder dated October 19, 2016, Tr. 32–35, but the parties dispute when it was submitted. Plaintiff insists that she submitted it on November 4, 2016, prior to the issuance of the ALJ's decision. [Doc. 15] at 19 (citing Tr. 284–85). Presuming that it was submitted prior to the issuance of the ALJ's decision, Plaintiff argues that the ALJ erred in failing to discuss the opinion in any way. *Id.* at 18–19.

Defendant disputes that it was submitted prior to the issuance of the ALJ's decision. [Doc. 22] at 14. The Notice of Appeals Council Action seems to indicate that the opinion was submitted after the ALJ's decision but before the Appeals Council denied review. *See* Tr. 2 ("Additional Evidence[.] You submitted a medical source statement from Mitchell Binder, M.D. dated October 17, 2016 (4 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence."). Regardless of when it was submitted, there is no dispute that neither the ALJ nor the Appeals Council considered the opinion. As the Court sees it, the issue that must be decided is whether the Appeals Council erred in declining to consider the opinion.

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should be considered only if it is new, material, and chronologically pertinent. 20 C.F.R. § 404.970(b). Evidence is new "if it is not duplicative or cumulative" and material "if there is a reasonable possibility that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (alterations and internal quotation marks omitted). Evidence is chronologically pertinent if it relates to the time period adjudicated by the ALJ, i.e., the period on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

5

If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Threet*, 353 F.3d at 1191. However, if the evidence submitted to the Appeals Council does not meet all three requirements, then the Appeals Council does not consider it, and it "plays no role in judicial review." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).

Dr. Binder's opinion qualifies as "new" because it is not duplicative or cumulative. Further, the opinion is "chronologically pertinent" because it relates to the time period adjudicated by the ALJ. However, the parties disagree on whether the opinion is "material." Plaintiff argues that Dr. Binder's opinion is a treating opinion, which enjoys special deference, and is consistent with Dr. Benton's opinion as to the severity of Plaintiff's functional limitations. Accordingly, Plaintiff argues that if Dr. Binder's opinion had been considered, it might have "turned the tide." [Doc. 24] at 5.

Defendant argues that Dr. Binder's opinion is not material. Specifically, she argues that Dr. Binder should not be considered a treating source. [Doc. 22] at 15. Next, she argues that Dr. Binder's opinion is not supported by his own treatment records and is inconsistent with the other medical evidence, except Dr. Benton's opinion. *Id.* at 16. Defendant argues that the Court should impute the ALJ's reasons for rejecting Dr. Benton's opinion to Dr. Binder's opinion. *Id.* (citing *Lately v. Colvin*, 560 F. App'x 751, 754 (10th Cir. 2014)). The Court does not agree.

In *Lately*, the court found no reversible error in an ALJ's failure to discuss an examining opinion that the plaintiff was disabled "because, like [the treating opinion, the examining opinion] addresses the issue of disability, which is reserved to the Commissioner[.]" 560 F. App'x 751, 754. Unlike the circumstances in *Lately*, here, Dr. Binder did not merely opine that

Plaintiff was "disabled." *See* Tr. 32–35. Rather, Dr. Binder offered specific opinions on Plaintiff's ability to perform many work-related functions, and he explained his reasons. *See id.*

More to the point, though, Dr. Binder's opinion is material because it reasonably calls into question the disposition of the case. For example, the ALJ rejected Dr. Benton's opinion (which is very similar to Dr. Binder's) because it was not supported by his own notes and was not consistent with the record. Tr. 21–22. But if Dr. Binder's opinion is also considered, then the record changes. It makes Dr. Benton's opinion more consistent with the record. Dr. Binder's opinion further tips the scales if, as Plaintiff argues, it qualifies for the special deference accorded to treating physician opinions.

Dr. Binder's opinion points to functional limitations that could reasonably have changed the outcome. *See Threet*, 353 F.3d at 1191. For example, Dr. Binder assessed much more restrictive exertional limitations than the ALJ did. *Compare* Tr. 33–34 (Dr. Binder's opinion that Plaintiff could not sit or stand for any length of time or lift even ten pounds), *with* Tr. 18 (ALJ's RFC for medium work). Moreover, Dr. Binder's assessment of Plaintiff's ability to sit, stand, lift, and carry is in line with Dr. Benton's. *Compare* Tr. 33–34 (Dr. Binder's opinion), *with* Tr. 842–43 (Dr. Benton's opinion). Although there may be evidence to support the ALJ's RFC for medium work, the treating (or at least examining) opinion of Dr. Binder—especially when coupled with the treating opinion of Dr. Benton—could reasonably be seen as overwhelming that evidence. Of course, the ALJ's RFC would not be supported by substantial evidence if it were overwhelmed by other evidence. *See Langley*, 373 F.3d at 1118 (An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record . . ."). Accordingly, there is a reasonable possibility that Dr. Binder's opinion would have changed the outcome. Dr. Binder's opinion is material. Because the Appeals Council failed to

consider the opinion, the case will be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete record. *See Threet*, 353 F.3d at 1191.

## Conclusion

The Appeals Council erred in failing to consider Dr. Binder's opinion. *See* Tr. 32–35. Therefore, the Motion will be granted, and the case will be remanded. The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers*, 389 F.3d at 1143; *Threet*, 353 F.3d at 1191.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**